OPINION
On January 13, 2000, the Stark County Grand Jury indicted appellant, Gregory Allen Walker, on one count of burglary in violation of R.C.2911.12. Said charge arose from an incident at the residence of Hilda Wilgus on November 15, 1999. A jury trial commenced on February 17, 2000. The jury found appellant guilty as charged. By judgment entry filed February 24, 2000, the trial court sentenced appellant to eight years in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE JURY VERDICT FINDING THE APPELLANT GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 II. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT HIS TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
 I
Appellant claims his conviction was against the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note "circumstantiated evidence may be more certain, satisfying and persuasive than direct evidence." State v. Richey (1992), 64 Ohio St.3d 353, 363. Circumstantial evidence is to be given the same weight and deference as direct evidence. Jenks. Appellant does not dispute that someone broke into Hilda Wilgus's residence but claims the evidence was insufficient to prove that he was the culprit. Perry Township Police Officers investigated the burglary and collected pieces of glass from the point of entry into the residence (State's Exhibit 2). T. at 103-104. Dennis Florea, criminalist with the Canton Stark County Crime Laboratory, developed latent fingerprints on the exhibit and positively identified them as belonging to appellant. T. at 140-142. Latent fingerprint A1 was identified as belonging to the "left index finger" of appellant. T. at 142. Two latent fingerprints designated A2 and A3 were identified as the "left middle finger and the left index finger" of appellant. Id. Latent fingerprint A4 was identified as "the right thumb impression" of appellant. Id. Ms. Wilgus testified she did not know appellant and he had never been to her residence prior to the night of the burglary. T. at 95. There is no other way appellant's fingerprints could have been on the broken window glass except in gaining illegal entry into Ms. Wilgus's residence. `Fingerprints corresponding to those of the accused are sufficient proof of his identity to sustain his conviction, where the circumstances show that such prints, found at the scene of the crime, could only have been impressed at the time of the commission of the crime.' State v. Franklin (1991), 62 Ohio St.3d 118,124, quoting State v. Miller (1977), 49 Ohio St.2d 198, syllabus. Upon review, we find sufficient credible evidence to support the jury's verdict and no manifest miscarriage of justice. Assignment of Error I is denied.
 II
Appellant claims he was denied the effective assistance of trial counsel. We disagree. The standard this issue must be measured against is set out State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
Specifically, appellant argues his trial counsel's cross-examination of Mr. Florea was inadequate, and his trial counsel failed to request a fingerprint expert for the defense. Appellant argues the record is devoid of any testimony on the number of points of comparison. From the evidence presented to the crime lab for fingerprint analysis, four latent fingerprints from broken pieces of glass were developed. The "individual ridge characteristics and the type of pattern" from these latent fingerprints were then entered into the Automated Fingerprint Identification System. T. at 141. Said system identified appellant as a "viable candidate." Id. Mr. Florea then requested appellant's ten print fingerprint card and was able to match the latent fingerprints to appellant's prints as outlined in Assignment of Error I. T. at 142. Mr. Florea opined the latent fingerprints as belonging to appellant could not have belonged to anyone else. T. at 144. On cross-examination, defense counsel did address points of comparison or individual ridge characteristics. T. at 147-151. During this cross-examination, Mr. Florea refuted defense counsel's proposition that there is a standard number of points of comparison required for a positive identification. T. at 148-149. Even if we were to assume that trial counsel was ineffective, we fail to see how the outcome of the trial would have been any different given Mr. Florea's testimony and opinion based on a reasonable degree of scientific certainty. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 ____________________ Farmer, J.
Gwin, P.J. and Wise, J. concur.